JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    FAX: (415) 436-6748
    Email: jennifer.s.wang@usdoj.gov

Attorneys for Defendant


MICHAEL S. MORSE
MORSE, BOLINGER & ASSOCIATES
2300 Contra Costa Blvd., Suite 285
Pleasant Hill, CA 94523
(925) 671-2200
(925) 671-0104 (fax)
mike@calsubrolaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE and ) <br> DOES ONE THROUGH TEN, ) <br> ) <br> Defendants. ) | Case No. C08-5449 EMC <br><br> **SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT** |

**SETTLEMENT AGREEMENT**

    Plaintiff Allstate Insurance Company and defendant United States of America hereby enter into this Settlement Agreement (the "Agreement"), as follows:

    1.    The parties hereby agree to settle and compromise *Allstate Insurance Company v.*

Settlement Agreement & [Proposed] Order Approving Settlement
Case No. C 08-5449 EMC                              1

*United States Postal Service*, United States District Court for the Northern District of California Case Number C08-5449 EMC (the "Lawsuit"), under the terms and conditions set forth herein.

2. The United States of America agrees to pay plaintiff the sum of Two Thousand Dollars ($2,000.00) (the "Settlement Amount") in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the Lawsuit, including any claims for wrongful death, for which plaintiff or its guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

3. Plaintiff and its guardians, heirs, executors, administrators, or assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, or causes of action of whatsoever kind and nature, including any claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants, and employees on account of the same subject matter that gave rise to the Lawsuit. Plaintiff and its guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, and employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or its guardians, heirs, executors, administrators, or assigns against any third party or against the United States of America, including claims for wrongful death. Plaintiff and its guardians, heirs, executors, administrators, and assigns agree to defend and indemnify the United States of America, its agencies, agents, servants, and employees from any and all such causes of action, claims or lawsuits by a party insured by plaintiff asserting a claim or right that is the subject matter of the subrogation claim in the Lawsuit.

4. This Agreement shall not constitute an admission of liability or fault on the part of the United States of America, its agencies, agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This Agreement is entered into by and between the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

6. The Settlement Amount represents the entire amount of the compromise settlement. The parties will each bear their own costs, fees, and expenses, and any attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in addition thereto.

7. It is also understood by plaintiff that, pursuant to Title 28, Section 2678 of the United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall not exceed 25 percent of the Settlement Amount.

8. Payment of the Settlement Amount will be made by a check drawn on the United States Postal Service and will be made payable to "Allstate Insurance Company."

9. In consideration of the payment of the Settlement Amount and this Agreement, plaintiff agrees that it will also execute a Stipulation of Dismissal, which stipulation shall dismiss with prejudice all claims asserted in this Lawsuit. The fully-executed Stipulation of Dismissal will be held by defendant's counsel and will be filed with the Court upon delivery to plaintiff's counsel of the Settlement Amount.

10. Plaintiff has been informed that payment of the Settlement Amount may take sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously process the payment.

11. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the settlement in the United States District Court. The parties agree that the United States District

3

Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

12. In consideration of payment of the Settlement Amount and this Agreement, plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

13. California Civil Code Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff, having been apprised of such language by its attorney, and fully understanding the same, nevertheless waives the benefits of any and all rights it may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning its injuries and the liability of the defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

14. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

15. The persons signing the Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Agreement.

16. It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together,

shall be deemed to be one document.

Dated: March 18, 2009

CURTIS HOCOM
ALLSTATE INSURANCE COMPANY
Plaintiff

Dated: Mar, 17 2009

MORSE, BOLINGER & ASSOCIATES

MICHAEL S. MORSE
Attorneys for Plaintiff

Dated: March 19, 2009

JOSEPH P. RUSSONIELLO
United States Attorney

JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendant

[PROPOSED] ORDER

The above Settlement Agreement is approved, and it is so ordered.

Dated: 3/20/09

HON. EDWARD M. CHEN
United States Magistrate Judge

IT IS SO ORDERED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Settlement Agreement & [Proposed] Order Approving Settlement
Case No. C 08-5449 EMC                    5